**VIRGINIA:**

**IN THE CIRCUIT COURT OF THE CITY OF RICHMOND**

**RONNIQUA M. TAYLOR,** **Plaintiff,**

**v.** **CIVIL ACTION NO.:**

**MICHAEL R. FERGUSON,**

**AND**

**J. B. HUNT TRANSPORT SERVICES, INC.,**
**d/b/a J.B. HUNT,**

**AND**

**J.B. HUNT TRANSPORT, INC.,**
**d/b/a J.B. HUNT,** **Defendants.**

## COMPLAINT

The Plaintiff, Ronniqua M. Taylor, by counsel, moves for judgment against the Defendants, Michael R. Ferguson, J.B. Hunt Transport Services, Inc., d/b/a J.B. Hunt, and J.B. Hunt Transport, Inc., d/b/a J.B. Hunt, jointly and severally, on the grounds and in the amount as hereinafter set forth:

1. On or about November 20, 2023, on Richmond Highway at or near its intersection with Cofer Road in the City of Richmond, Virginia, Defendant Michael R. Ferguson negligently operated a 2022 Freightliner tractor trailer (the "tractor trailer") owned by Defendants J.B Hunt Transport Services, Inc. and J.B. Hunt Transport, Inc., so as to cause the tractor trailer to collide

with a 2015 Hyundai automobile operated by the Plaintiff (the "collision").

2. At the same time and place, Defendant Ferguson was traveling north on Richmond Highway and was making a left turn onto Cofer Road when he failed to yield the right of way and drove the tractor trailer directly into the path of the 2015 Hyundai automobile operated by the Plaintiff.

3. At the same time and place, Plaintiff was traveling south on Richmond Highway approaching the intersection of Cofer Road in an appropriate and lawful manner with a green traffic light and with the right-of-way when her vehicle was struck by the tractor trailer operated by Defendant Ferguson.

4. Prior to and at the time of the collision, Defendant Ferguson was under a duty to use ordinary care to:

a) Keep a proper lookout,

b) Keep the tractor trailer under proper control,

c) Yield the right-of-way when turning left, to a vehicle approaching from another direction that was so close as to constitute a hazard,

d) React as a reasonable person would have reacted to avoid a collision, and

e) Otherwise use reasonable care in driving, giving due regard to all surrounding circumstances, persons, vehicles, and traffic laws.

5. Notwithstanding such duties, Defendant Ferguson was negligent in at least one or more of the following respects:

a) He failed to keep a proper lookout for the configuration and character of the roadway upon which he was traveling in relation to the handling characteristics of the vehicle, his speed, his driving ability, and the other characteristics of the environment at and near the site of the collision,

b) He failed to keep a reasonable lookout for oncoming vehicles approaching in plain view,

c) He did not act as a reasonable person would have acted under the circumstances,

d) He failed to yield the right of way to a vehicle approaching from the opposite direction at an intersection where he intended to take a left turn, and

e) He otherwise failed to use reasonable care in driving, giving due regard to all surrounding circumstances and traffic laws.

6. At all times relevant to the Complaint and at the time of the collision, Defendant Ferguson was operating the tractor trailer as an agent, representative, employee, and/or worker of Defendants J.B. Hunt Transport Services, Inc., and J.B. Hunt Transport, Inc., within the course and scope of such agency, employment, and/or work, and with the permission, acquiescence, knowledge, and/or approval of these Defendants.

7. As a direct and proximate result of the aforesaid negligent actions and omissions of Defendant Ferguson, Plaintiff sustained serious and permanent bodily injuries; has been prevented from transacting her business and her household duties; has suffered and will continue to suffer physical pain and mental

anguish; has suffered and will continue to suffer disfigurement and/or deformity and associated humiliation and/or embarrassment; has suffered inconvenience and will suffer inconvenience in the future; has lost wages and will lose earnings in the future; has sustained and will sustain a lessening of her earning capacity in the future; and has incurred expenses for medical care and treatment and will incur in the future medical expenses including hospital, doctors and related medical bills for medical care and treatment necessary to treat, care for, cure and/or ameliorate her injuries.

8. Defendants J.B. Hunt Transport Services, Inc., and J.B. Hunt Transport, Inc. are responsible and liable for Defendant Ferguson's wrongful actions and omissions alleged herein under respondeat superior, agency, and/or vicarious liability principles.

WHEREFORE, the Plaintiff, Ronniqua M. Taylor, demands judgment against the Defendants, Michael R. Ferguson, J.B. Hunt Transport Services, Inc., and J.B Hunt Transport, Inc., jointly and severally, in the sum of FIVE HUNDRED THOUSAND and NO/100 DOLLARS ($500,000.00) plus interest from November 20, 2023, pursuant to §8.01-382 of the Code of Virginia, (1950), as amended, and costs.

**Trial by jury is demanded.**

RONNIQUA M. TAYLOR

By: [signature]
Of Counsel

James A. McCauley (VSB #23392)
Ryan T. Walker (VSB #75544)
David S. Galeski (VSB #76756)
Marks & Harrison, P.C.
1500 Forest Avenue
Richmond, VA 23229
804-282-0999 telephone
804-288-1330 facsimile
jmccauley@marksandharrison.com
rwalker@marksandharrison.com
dgaleski@marksandharrison.com